09-1997-ag
Lin v. Holder

BIA
Hladylowycz, IJ
A072 329 089

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand ten.

PRESENT:
>        JON O. NEWMAN,
>        REENA RAGGI,
>        PETER W. HALL,
>          *Circuit Judges*.

_____

PING LIN,
>        *Petitioner*,

>        v.                                      09-1997-ag
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Ping Lin, *pro se*, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel, P. Michael Truman, Trial Attorney, Office of Immigration Litigation, United

**States Department of Justice**,
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.  The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid.  The pending motion to file fewer copies and be exempted from submitting a joint appendix is GRANTED.

Ping Lin, a native and citizen of the People's Republic of China, seeks review of a May 8, 2009 order of the BIA, affirming the September 9, 2002 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ping Lin*, No. A072 329 089 (B.I.A. May 8, 2009), *aff'g* No. A072 329 089 (Immig. Ct. N.Y. City Sept. 9, 2002).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone.  *See Belortaja v. Gonzales*, 484 F.3d 619, 622-23 (2d Cir. 2007).  The applicable standards of review are well-established.  *See Corovic v. Mukasey*, 519

2

F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529
F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the BIA's determination
that Lin failed to demonstrate her eligibility for asylum or
withholding of removal based on her claim that she was
forced to use an intrauterine device ("IUD").  As we
observed in *Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30
(2d Cir. 2010), the BIA's determination that forced IUD
insertion is not a *per se* form of persecution is entitled to
deference.  Moreover, the record does not compel the
conclusion that Lin demonstrated "aggravating circumstances"
sufficient to render the insertion of her IUD persecutive.
*See id.*; *see also Matter of M-F-W- & L-G-*, 24 I. & N. Dec.
633, 639-42 (B.I.A. 2008).

No different conclusion is warranted with respect to
the BIA's finding that the fine imposed on Lin following the
birth of her third child did not constitute persecution.
*See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70
(2d Cir. 2002).  Although imposition of a fine may, under
some circumstances, constitute persecution, *see Guan Shan
Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.
2002), Lin testified that she could afford to pay the fine

but simply chose not to do so.  On this record, the BIA was not compelled to conclude that the fine placed her at such a "substantial economic disadvantage" as to render the fine persecutive.[1]  *Id.*

Because substantial evidence supports the BIA's determination that Lin failed to demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear or likelihood of future persecution.  *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). Nor do we identify any basis for concluding that the BIA's determination that Lin failed to prove a well-founded fear of persecution on account of giving birth to three children was unsupported.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that an applicant's well-founded fear claim was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).

---

[1] Although the BIA erred in concluding that Lin suffered no repercussions from her failure to pay the fine at issue, remand would be futile because the record does not support the conclusion that the fine or any repercussions from Lin's failure to pay the fine rise to the level of persecution.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-40 (2d Cir.2006).

Contrary to Lin's argument that the BIA engaged in impermissible fact-finding in concluding that she failed to prove a well-founded fear of persecution, the BIA was entitled to review *de novo* whether Lin was eligible for relief based on the evidence in the record. *See Jian Hui Shao*, 546 F.3d at 162-63 (concluding that the BIA did not erroneously conduct *de novo* review of the IJ's factual findings by making "a legal determination that, while [petitioners'] credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). At the time of the BIA's decision, the record indicated that Lin (1) had a third child because her first two children were girls; (2) voluntarily used contraception thereafter; and (3) was a 46-year-old widow not actively seeking to remarry.[2] As the BIA noted, the

_____

[2] The BIA erred in concluding that Lin did not express a desire to have more children. However, in light of Lin's age and marital status – which the BIA was entitled to consider, *see* May 25, 2007 Stipulation and Order – we conclude that remand on this basis would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-40 (2d Cir.2006). Although Lin also contends that the BIA erred in concluding that her age indicated that she was nearing the end of her childbearing years, the evidence upon which she relies – a news article regarding a Spanish woman who allegedly gave birth to twins at age 69 – was not part of the

record also gave no indication that Chinese authorities had inquired about Lin in over 20 years. *See Jian Xing Huang*, 421 F.3d at 129. In light of the foregoing, the BIA's conclusion that Lin did not demonstrate a well-founded fear of future persecution was supported by substantial evidence.

On this record, the agency properly denied Lin's application for asylum. *See* 8 U.S.C. § 1101(a)(42). As Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal because that claim rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).[3]

Accordingly, the petition for review is DENIED. The pending motion to proceed *in forma pauperis* is DENIED as moot because the filing fee has already been paid. The pending motion to file fewer copies and be exempted from

---

administrative record and is therefore not properly considered on appeal. *See* 8 U.S.C. § 1252(b)(4)(A) (stating that "court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

[3] Lin does not challenge the BIA's denial of her request for CAT relief in her brief. The argument is therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

submitting a joint appendix is GRANTED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk